UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| METROPOLITAN LIFE INS. CO., | Case No. 3:24-cv-05890-TMC |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| BRENDALEE MOORE; ASHLEY MOORE; CHARITY RIDGLEY; WASHINGTON STATE PATROL MEMORIAL FUND, | |
| Defendants. | |

This matter comes before the Court on review of Plaintiff Metropolitan Life Insurance Company ("MetLife") and Defendant Brendalee Moore's Stipulated Motion for Disbursal and Dismissal, Dkt. 25. MetLife filed this interpleader action to resolve competing claims to the life insurance benefits of Robert A. Moore II. *Id.* ¶ 1; *see also* Dkt. 1. Defendants Brendalee Moore, Ashley Moore, Charity Ridgley, and the Washington State Patrol Memorial Fund have all made claims to the insurance fund. Dkt. 25 ¶ 2. The motion explains that Defendant Ashley Moore has executed a release of claims to the proceeds. *Id.* ¶ 3. Defendants Ridgley and Washington State Patrol Memorial fund have both failed to appear, and the Court has entered default against them. *Id.* ¶ 4; Dkt. 24. Now, the stipulating parties (Brendalee Moore and MetLife) have agreed upon a distribution according to a previous plan allocation. Dkt. 25 ¶¶ 5–6. The stipulating parties have

ORDER TO SHOW CAUSE - 1

also agreed to discharge MetLife and release, discharge, and acquit MetLife of all liability regarding the policy. *Id.* ¶ 8.

But the stipulating parties have not offered any authority to support their motion to discharge both the parties and the funds prior to the entry of default judgment against the parties who have failed to defend. In *Standard Ins. Co. v. Asuncion*, the court there explained that "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted" if service was properly effected upon them. 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (citation omitted). "The Court may accordingly, in its discretion, grant default judgment against the non-appearing interpleader defendants where the only remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions." *Id.* (citing cases). The *Asuncion* court then found default judgment appropriate and authorized the clerk to provide the funds deposited in the Court's registry to each party. *Id.*

More recently, in *Sun Life Assurance Co. of Canada v. Est. of Wheeler*, Sun Life concurrently moved both for interpleader and dismissal, alongside a motion for default judgment filed by one claimant against a non-appearing claimant. No. C19-0364JLR, 2020 WL 433352, at *3 (W.D. Wash. Jan. 28, 2020). The court found that "[b]ecause Sun Life had a reasonable fear of multiple claims to the Proceeds and no party has alleged that Sun Life acted in bad faith, both interpleader and dismissal [were] proper." *Id.* The Court then went on to grant the claimant's motion for default judgment. *Id.*

Yet the parties here—despite the clerk having entered default—have not moved for default judgment prior to the present motion for dismissal and disbursement. Dkt. 24; Dkt. 25. Thus, the Court ORDERS the stipulating parties to show cause within 14 days of this order

ORDER TO SHOW CAUSE - 2

explaining why the proposed dismissal and disbursal order should be entered without default judgment motions first brought and granted against the non-appearing parties.

Dated this 18th day of June, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE - 3